IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| QUENTIN ANTWAN MITCHELL | § | |
| | § | |
| V. | § | A-17-CV-879- LY |
| | § | |
| DEBBY WHEAT, TERRY D. MOON, | § | |
| MICHAEL DAVIS, NANCY | § | |
| ARREDONDO, AND UNKNOWN | § | |
| NAME INDIVIDUALS | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Quentin Antwan Mitchell's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) and Financial Affidavit in Support, along with his "Criminal Complaint" (Dkt. No. 1). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

On October 30, 2000, Quentin Antwan Mitchell ("Mitchell") pled guilty, in two separate cases, to two counts of interference with commerce by robbery, two counts of carjacking, and one count of brandishing a firearm during and in relation to a crime of violence. On February 26, 2001, the Honorable James R. Nowlin sentenced Mitchell to a total term of 219 months in prison. See Judgment and Commitment, Dkt. # 23 in A-00-CR-00024 JRN and Dkt. #35 in A-00-CR-00030 JRN. On December 2, 2015, Mitchell was released from custody and began serving his five-year

term of supervised release. On April 19, 2017, Mitchell was arrested for violating his conditions of supervised release, and on April 26, 2017, the District Court ordered that Mitchell's supervised release "is hereby CONTINUED." Dkt. No. 149.

Since his conviction, Mitchell has filed scores of motions and cases attempting to challenge his convictions all of which have been unsuccessful. See A-05-CV-057-JRN; A-05-CV-058-JRN; A-10-CV-704-JRN; A-10-CV-789-JRN; and A-10-CV-829-JRN. Mitchell's filings have been so prolific and frivolous that on August 13, 2010, the United States Court of Appeals for the Fifth Circuit warned Michell – in an Order denying his third petition under 28 U.S.C.§ 2241– "that any future frivolous, repetitive, or otherwise abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction." *Mitchell v. Pearson*, 390 F. App'x 407, 408 (5th Cir. 2010). Despite the Fifth Circuit's warning, Mitchell has continued to file frivolous and repetitive filings. *See* Dkt. No. 13 in A-10-CV-789-JRN. Thus, on December 12, 2010, the District Court sanctioned Mitchell by ordering him to pay a $150 monetary sanction to the Clerk of this Court and barred him from filing in this Court "any pleading that challenges the aforementioned convictions and sentences until the sanction is paid in full and he has received permission from the Fifth Circuit Court of Appeals to file a successive § 2255 motion." *Id.* The District Court also warned Mitchell that "any future frivolous or repetitive filing in this Court will subject him to additional sanctions."

## II. APPLICATION TO PROCEED IFP

After reviewing Mitchell's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Mitchell *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor

pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Mitchell is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Mitchell's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

### III. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Mitchell has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable

claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Mitchell's "Criminal Complaint" attempts to "charge" the individual defendants with embezzlement and theft, in violation of 18 U.S.C. § 841, and fraud, in violation of 18 U.S.C. § 1001. As he has previously been informed, "Mitchell does not have the authority to file a criminal complaint." Dkt. No. 3 in A-10-CV-704 JRN (dismissing Criminal Complaint). "It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution." *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010). See also, *United States v. Batchelder*, 442 U.S. 114, 124 (1979) (discussing prosecutorial discretion); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) ("Contrary to Oliber's contention, he does not have a constitutional right to have someone criminally prosecuted."). Accordingly, it is clear that Mitchell's lawsuit has no arguable basis in law and must be dismissed as frivolous.

As previously noted, Mitchell has been repeatedly warned by the District Court and the Fifth Circuit that "any future frivolous or repetitive filing" would subject him to additional sanctions. Dkt. No. 13 in A-10-CV-789-JRN. Because Mitchell continues to file frivolous pleadings after having been sanctioned in monetary sanctions and narrow filing sanctions, the Court finds that a broader filing sanction is needed in this case. Accordingly, the Court recommends that the District Court bar Mitchell from filing any motion or lawsuit in the United States District Court for the Western District of Texas without first obtaining permission from a District Judge or Magistrate Judge of this Court or a Circuit Judge of the Fifth Circuit Court of Appeals.

## IV. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Magistrate Court **HEREBY GRANTS** Mitchell *in forma pauperis* status (Dkt. No. 2) but withholds service in this case pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Mitchell's lawsuit as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Finally, the undersigned **RECOMMENDS** that the District Court **BAR** Mitchell from filing any motion or lawsuit in the United States District Court for the Western District of Texas without first obtaining permission from a District Judge or Magistrate Judge of this Court or a Circuit Judge of the Fifth Circuit Court of Appeals.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of October, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE